UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID ALLAN WILLIAMS and | ) | |
| LINDA A.  WILLIAMS, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | CIVIL NO.  1:05cv6 |
| | ) | |
| R.  DAVID BOYER, TRUSTEE, | ) | |
| | ) | |
| Appellee. | ) | |

OPINION AND ORDER

This matter is before the court on a Motion to Stay Pending Appeal, filed by the debtors,
David Allan Williams and Linda A.  Williams, on August 11, 1005.  The Trustee responded to
the motion on August 18, 2005.  The debtors, who are proceeding pro se, have not filed a reply.

Discussion

On July 12, 2005, this court entered an order affirming the Bankruptcy Court's decision
that the transfer of the property at issue in this case was "avoided."  As such, the Trustee is
permitted to recover the property for the benefit of the estate.  The property in question is real
estate owned by the debtors, and is where the debtor's currently reside.  The debtors seek to have
the judgment in this case stayed, so that they may remain in their home during the pendency of
an appeal to the Seventh Circuit Court of Appeals.  The Trustee has stated that his intent, if the
stay is not granted, is to sell the property as soon as possible.

The Trustee does not object to the granting of the motion to stay.  However, to protect the
estate's interest in the property, the Trustee seeks to have the grant of the stay conditioned on
certain terms and conditions.  The bulk of the terms and conditions that the Trustee seeks are
contained in an "Agreed Order for Stay Pending Appeal" that was filed in the Bankruptcy Court

and was effective during the appeal of the bankruptcy case to the district court. The Trustee also seeks two additional conditions: (1) that the debtors maintain the premises and (2) that the debtors post a $150,000 bond. The Trustee states that the property at issue is presently worth $150,000. The Trustee asserts that a bond is necessary to guard against fluctuations in the market price of the property. The court will grant the motion to stay conditioned upon all of the conditions sought by the Trustee, except for the posting of the bond. There is no evidence presently before the court that the property is worth $150,000 and, more importantly, there is no evidence that the property is expected to suddenly depreciate. As real estate generally increases in value over time, the court has not been presented with any convincing reason to impose a bond upon the debtors.

Accordingly, the Motion to Stay is hereby GRANTED, subject to the following conditions:

(1)     The debtors shall pay to the Trustee the sum of $168.10 per month payable on the last day of each month (but with a 5 day grace period);

(2)     The debtors shall pay all mortgage payments as they become due;

(3)     The debtors shall pay all real estate taxes and assessments as they become due;

(4)     The debtors shall pay all casualty and homeowner's insurance on a current basis and, in the event of any insurance claim, the debtors shall direct the claim proceeds to be used to repair the structure and buildings on the premises or if the premises are destroyed and damaged to the point that reconstruction is warranted, shall cause the insurance check to be made payable jointly to David Williams, Linda Williams and R. David Boyer, Trustee.

(5)     The debtors shall maintain the premises.

So long as all of the above conditions are satisfied, the Judgment in this case shall be STAYED and the Trustee shall not attempt to administer the subject real estate.

Entered: September 19, 2005.

s/ William C.  Lee<br>
William C. Lee, Judge<br>
United States District Court
